# UNITED STATES PROBATION OFFICE

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE

### PETITION FOR WARRANT FOR OFFENDER UNDER SUPERVISION

**Name of Offender:** Brandon Estes **Docket Number:** 3:15-CR-00107-034

**Name of Sentencing Judicial Officer:** The Honorable Thomas W. Phillips
United States District Judge

**Name of Presiding Judicial Officer:** The Honorable Katherine A. Crytzer
United States District Judge

**Date of Original Sentence:** March 7, 2016

**Original Offense:** Count One: Conspiracy to Distribute Five Grams or More of Methamphetamine
Count 24: Possession of a Firearm While Being an Unlawful User and Addict of a Controlled Substance

**Class:** Count One: B Felony
Count 24: C Felony

**Criminal History Category:** I

**Original Sentence:** 46 months imprisonment, followed by four (4) years supervised release

**Revocation – July 30, 2019:** Four (4) months imprisonment, followed by 36 months supervised release

**Revocation – March 18, 2020:** Ten months imprisonment, followed by 24 months supervised release

**Type of Supervision:** Supervised Release

**Date Supervision Commenced:** January 8, 2021

**Date Supervision Expires:** January 7, 2023

**Assistant U.S. Attorney:** Caryn L. Hebets

**Defense Attorney:** Kimberly A. Parton

**Revocation Guideline Range:** 4-10 months **Statutory Maximum:** 22 months

*******************************************

## PETITIONING THE COURT

The probation officer believes that the offender has violated the following conditions of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Mandatory Condition:** You must not commit another federal, state, or local crime. |
| 2 | **Mandatory Condition:** You must not unlawfully possess a controlled substance. |
| 3 | **Mandatory Condition:** You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the Court. |
| 4 | **Standard Condition No. 8:** The defendant must not communicate or interact with someone the defendant knows is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, the defendant must not knowingly communicate or interact with that person without first getting the permission of the probation officer. |
| 5 | **Special Condition No. 1:** The defendant shall participate in a program of testing and/or treatment for drug and/or alcohol abuse, as directed by the probation officer, until such time as you are released from the program by the probation officer. |

On February 23, 2021, Mr. Estes failed to report for a drug screen as directed by the Code-A-Phone Referral System, stating he had been exposed to COVID-19 at his employment. This officer instructed him to get a COVID-19 test and provide this officer with the results. He did so, and his test results were negative.

On February 26, 2021, this officer instructed Mr. Estes to report for a drug screen after his missed screen on February 23, 2021. He complied, and his sample tested presumptively negative for all substances.

On March 22, 2021, Mr. Estes failed to report for a drug screen as directed by the Code-A-Phone Referral System. He reported that he arrived after their drug testing cut-off time, so they did not screen him.

On March 23, 2021, this officer contacted Mr. Estes about his missed drug screen on March 22, 2021, and verbally reprimanded him for being late to the screen. This officer instructed him to report at 11:00 a.m. on March 23, 2021, at his assigned drug testing vendor for a drug screen. At approximately 12:00 p.m.,

this officer contacted Mr. Estes to inquire why he had not reported for his drug screen, and he informed this officer he could not pass the drug test. This officer instructed him to get a ride, report for the drug screen, then call this officer afterward.

On March 23, 2021, at approximately 3:50 p.m., Mr. Estes reported for a drug screen, and his sample tested presumptively positive for methamphetamine. He admitted to using methamphetamine that same day. When this officer talked to him approximately one hour later, he told this officer he had been using methamphetamine regularly for "a while."

Pursuant to Title 21 U.S.C. § 844, the offender committed the offense of Simple Possession by possessing the substances for which he tested positive on the above-noted date. Additionally, pursuant to 21 U.S.C. § 844, if the offender commits Simple Possession after a prior conviction for any drug, narcotic, or chemical offense chargeable under the law of any State, he shall be sentenced to a term of imprisonment for not less than 15 days, but not sure than two (2) years. Mr. Estes has a prior conviction for Simple Possession of Schedule II in Hamblen County Sessions Court, Morristown, Tennessee, on January 21, 2015.

**Assessment of Flight/Danger and Bond Recommendation:** Probation has no information to suggest Mr. Estes is a flight risk; however, probation does believe he is a danger to both himself and the community. On March 23, 2021, this officer referred Mr. Estes to Turning Point in Johnson City, Tennessee, for crisis services, but he was denied entry due to acute medical issues related to diabetes. He then reported to Jefferson Memorial Hospital and is currently in intensive care due to ketoacidosis, with a projected release date of March 24, 2021. He was also hospitalized for approximately four (4) days the week prior for ketoacidosis. Through the process of trying to get Mr. Estes treatment, this officer has spoken with several of Mr. Estes' family members who believe he is currently a danger to himself due to his drug use, not taking any prescribed psychotropic medications, and failure to care for his physical health needs. Probation agrees with his family's assessment. However, at this time, probation has no treatment resources to immediately place Mr. Estes into that can guarantee they can admit him, given his medical situation. Also, this is Mr. Estes' third revocation before the Court for similar conduct. It appears there is no condition nor set of conditions that may mitigate this risk; therefore, this officer recommends he be detained pending a revocation hearing.

**Petitioning the Court to order:**

That a Warrant be issued, and the defendant be ordered to appear in Court for a hearing to determine whether the term of supervision should be revoked.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 24, 2021

Respectfully Submitted,

*Amber Wilson*
Amber Wilson
United States Probation Officer
Greeneville Division

APPROVED:

*Paul R. Harris*  03/24/2021
Paul R. Harris
Supervising United States Probation Officer

ADW:ks

**ORDER OF COURT:**

A warrant is to be issued, and the defendant is ordered to appear in Court for a hearing to determine whether the term of supervision should be revoked. This petition is to be placed under seal until the defendant is arrested or appears in Court.

So ordered.

**ENTER.**

The Honorable Katherine A. Crytzer
United States District Judge